UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHERYL C.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C22-5776 RSM

**ORDER AFFIRMING AND DISMISSING THE CASE**

    Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI). Plaintiff contends the ALJ erred by rejecting her symptom testimony and the medical opinion evidence.[1] Dkt. 12. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

    Plaintiff is 45 years old, has a limited education, and has no past relevant work. Admin. Record (AR) 26. In March 2020, Plaintiff protectively applied for SSI and Disability Insurance Benefits (DIB), alleging disability as of September 26, 2017. AR 109–10, 127–28. Both

---

[1] Plaintiff's Opening Brief does not entirely comply with the briefing requirements provided in the Court's Scheduling Order, as Plaintiff did not list the second argument on the first page of the brief. *See* Dkts. 11 at 2; 12 at 1. In the future, counsel shall take care to review and comply with the Court's briefing requirements.

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

applications were denied initially and on reconsideration. AR 125, 139. The ALJ conducted a hearing in June 2021 where Plaintiff requested to amend her alleged onset date to March 16, 2020. AR 43–44. To receive DIB, a claimant must establish disability on or prior to his or her date last insured. *See* 20 C.F.R. § 404.131. Because Plaintiff's date last insured is December 31, 2018, before her amended alleged onset date, Plaintiff voluntarily withdrew her DIB application. AR 43–45, 179. In September 2021, the ALJ issued a decision finding Plaintiff not disabled from March 16, 2020, through the date of his decision. AR 15–34.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1. Plaintiff's Symptom Testimony

Plaintiff testified that due to her physical impairments, she spends most of the day in bed or in a chair. AR 49–50. She stated she can stand for five to 10 minutes before she gets a sharp pain down her back and her legs, can walk for only a block, and can sit upright for only 20 to 30 minutes. AR 51–52. She explained her legs swell and has to elevate them above her heart, sometimes up to three hours. AR 53. She also explained that because of her back, she needs to lay down or recline for a total of six hours a day. AR 54.

As for her mental health, Plaintiff testified she is bipolar and has anxiety. AR 56. She

stated she cannot go anywhere by herself without having a panic attack, has angry outbursts, hears voices, and hallucinates. AR 56–59.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

In rejecting Plaintiff's testimony about her physical symptoms, the ALJ pointed to her physical examinations. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. Plaintiff's treatment notes show she reported hip and back pain, but they also show she had normal gait, full motor strength, and normal muscle tone. AR 592, 853, 984, 992, 1024, 1086–87. A radiography of her hip shows a "mild" arthritic change. AR 1093. An imaging also shows she had mild spinal canal stenosis and examinations indicated lumbar spine tenderness, but surgery was not found necessary, and Plaintiff was recommended to continue with physical therapy. AR 853, 991, 1024.

The ALJ also noted Plaintiff's lower extremity symptoms were managed with conservative treatment. AR 24. Conservative treatment "is sufficient to discount a claimant's testimony regarding severity of an impairment." *Smartt*, 53 F.4th at 500 (citing *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007)). Here, Plaintiff's treating sources observed her edema as "minimal" and recommended Plaintiff use an Unna boot. AR 949, 992, 1122. Plaintiff later

ORDER AFFIRMING AND DISMISSING
THE CASE - 3

reported improvement from using the boot.  AR 1115, 1154, 1157.  Later treatment notes also show there was "no need" for the boot and Plaintiff was instead prescribed compression stockings, indicating that the boot was effective in addressing her symptoms.  *See* AR 1145.

Plaintiff argues she would need to "have frequent leg elevation in order to keep the improvement in the Plaintiff's [edema] symptoms."  Dkt. 12 at 3.  But Plaintiff's cited evidence in support of this argument shows it was Plaintiff herself who found elevation to be helpful.  *See* AR 1146.  There is another treatment note where Plaintiff was recommended to elevate her lower extremities, but only "when [Plaintiff is] able."  *See* AR 1157.  The treatment note also indicates Plaintiff's use of the boot was focal in "significantly" decreasing the swelling of her lower extremities, not the elevation of her feet.  *Id.*

Plaintiff also suggests the ALJ's residual functional capacity (RFC) assessment was not supported by substantial evidence because of the ALJ's erroneous evaluation of her testimony about her edema.  Dkt. 12 at 3.  But Plaintiff's normal physical examinations and conservative treatment are valid reasons to discount her testimony, and the ALJ's rationale is supported by substantial evidence.  Plaintiff, therefore, has failed to show the RFC did not include all the credible limitations contained in the record.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's RFC assessment only needs to incorporate credible limitations supported by substantial evidence in the record).

The ALJ also rejected Plaintiff's testimony regarding her mental health because it was inconsistent with findings from her mental status examinations and her own reports.  AR 25.  There were instances when Plaintiff reported hallucinations and anxiety.  *See* AR 909–39, 1023, 1084.  But as the ALJ noted, her examinations consistently reveal normal findings.  AR 886–87, 949, 956, 963, 976, 984, 992, 1023, 1087, 1122, 1144, 1149, 1157, 1164.  More recent treatment

notes show she had irritable or incongruent mood, but they again reveal normal findings, describe Plaintiff as cooperative, and show no reports of hallucinations or delusions.  AR 931, 934, 937, 940, 943, 949, 956, 963, 976, 984, 992, 1024, 1040, 1087, 1115, 1121, 1149, 1157, 1164.

Overall, much of Plaintiff's physical and mental examinations and her conservative treatment undermine Plaintiff's testimony about her physical limitations and the severity of her mental health.  Thus, in rejecting Plaintiff's testimony, the ALJ did not err.

The ALJ also found Plaintiff contradicted her own testimony about her symptoms.  AR 24–25.  An ALJ may reject a claimant's symptom testimony when the claimant makes inconsistent statements concerning her symptoms.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  The record shows Plaintiff denied edema, anxiety, and depression throughout the relevant period.  AR 720, 954, 961, 976-76, 983, 990, 1023 1084, 1085, 1114, 1121, 1155, 1162.  The ALJ also pointed out Plaintiff was noted as unaccompanied in several of her appointments, contradicting her statement that she cannot go anywhere by herself without having a panic attack.  AR 972, 980, 987, 1019, 1146, 1154.  Given these contradictions, the ALJ permissibly rejected Plaintiff's testimony due to its internal inconsistencies.

The ALJ also provided other reasons to reject Plaintiff's testimony.  But because the ALJ provided at least one that is valid and is supported by substantial evidence, the Court need not assess the other reasons proffered by the ALJ.  Even if those reasons were erroneous, they would be rendered harmless.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

ORDER AFFIRMING AND DISMISSING
THE CASE - 5

### 2. Medical Opinion Evidence

ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." ! *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 416.920c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. §§ 416.920c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

### a. Dr. Wheeler

Dr. Wheeler completed a psychological evaluation of Plaintiff in May 2020 and opined Plaintiff has mild to marked limitations in basic work activities. AR 885.

The ALJ first rejected Dr. Wheeler's opinion because it was unsupported by her own findings. How a medical source supports his or her opinion with objective findings and relevant explanation is a factor the ALJ must consider. 20 C.F.R. § 416.920c(c)(1). Here, the ALJ pointed out Dr. Wheeler found Plaintiff articulate, generally cooperative, not particularly anxious, and with normal affect. AR 886–87. Dr. Wheeler also found Plaintiff's thought process and content, orientation, perception, fund of knowledge, and abstract thought within normal limits. *Id*. Dr. Wheeler also noted Plaintiff's concentration was within normal limits until she gets bored, and her insight and judgment "fair" because Plaintiff has not sought out mental health to address her anxiety. AR 887. Dr. Wheeler's mostly normal findings from Plaintiff's mental status examination negates her proposed marked limitations. The ALJ, therefore, reasonably found her opinion unsupported.

The ALJ also reasonably found Dr. Wheeler's opinion inconsistent with the longitudinal evidence. AR 26. The ALJ's finding is well demonstrated by Plaintiff's consistently normal mental status examinations and Plaintiff's own denial of anxiety and depression, as discussed above.

Finally, the ALJ noted Dr. Wheeler opined Plaintiff's limitations would only persist for nine months. AR 26 (citing AR 886). Social Security disability can only be based on inability to work due to impairments that have "lasted or can be expected to last for a continuous period of not less than 12 months" or result in death. 20 C.F.R. § 416.905(a). Plaintiff argues the nine-month duration was "aspirational," but shows no evidence that Dr. Wheeler considered her opinion to be applicable beyond her nine-month estimate. *See* Dkts. 12 at 7; 18 at 3. Because Dr. Wheeler's opinion does not meet the regulations' durational requirement, the ALJ permissibly rejected it.

In sum, the ALJ's evaluation of Dr. Wheeler's opinion is supported by substantial evidence, and in rejecting it, the ALJ did not err.

    **b.**  **Ms. Graham, ARNP**

Plaintiff challenges the ALJ's evaluation of Ms. Graham's opinion about Plaintiff's edema and wrist limitations specifically. Dkt. 12 at 7.

Ms. Graham opined that Plaintiff's legs swell for ninety percent or more of the time and periods of swelling can last for two to four weeks. AR 894. She also opined Plaintiff is only able to use her hands and arms frequently for holding, handling, or manipulating. AR 896.

The ALJ rejected Ms. Graham's opinion because it was inconsistent with the treatment notes the ALJ cited in rejecting Plaintiff's testimony. As discussed, most of Plaintiff's treatment notes regarding her lower extremities show she either denied edema, or her edema was

"minimal" and managed with conservative treatment.

As for Ms. Graham's opinion about Plaintiff's hand and arms, the ALJ explained Plaintiff's use of wrist splints was discontinued and no other treatment notes indicated further issues.  AR 24 (citing AR 978).  Plaintiff points out she continued to experience pain in her wrists, but cites only one record which shows her primary concern was the pain in her back and legs. Dkt. 12 at 5; AR 945–47.  The note also shows her treating sources recommended her to continue with medication.  AR 945–47.

In sum, the ALJ's evaluation of Ms. Graham's opinion is supported by substantial evidence, as most of Plaintiff's records throughout the relevant period are not consistent with her proposed limitations.  Thus, in rejecting Ms. Graham's opinion, the ALJ did not err.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 25th day of October, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE